Hyman, C. J.
Plaintiff sued defendant as syndic of Henriette Braud; of the creditors of the succession of J. A. Braud; of the creditors of the succession of Amandeo Landry, and as representing the firm of J. A. Braud & Landry, and in that capacity recovered judgment against defendant.
Defendant appealed from the judgment, and failed to give an appeal bond in favor of the firm of J. A. Braud & Landry, or their representative.
*36 The firm of J. A. Brand & Landry, therefore, are not parties to the appeal, and they are interested in having the judgment maintained.
Parties to a judgment, having an interest in maintaining it, must be made parties to an appeal therefrom, or the appeal will be dismissed. 14 An. pp. 315 and 316.
Let the appeal be dismissed.
Petition for a Rehearing, by defendant and appellant. — -The petition of the Bank of Louisiana, the defendant and appellant in the above-entitled case, respectfully represents:
That appellant is informed, and believes, there is error in the judgment of the Court rendered in the said case on Monday the 14th of January, 1867, dismissing said appeal, and now applies for a rehearing of the cause.
Petitioner further represents that it is informed, and believes, that the said judgment is erroneous, for the following reasons, and now submits the same with the subjoined citations of authorities in support of that opinion:
1. The appellant, in the petition of appeal, as will be seen by the original thereof, which is herewith presented for inspection, gave the title of the case in the lower Court in the following words: “ C. Camutz, Syndic of, etc. v. Bank of Louisiana,” together with the number of the case on the docket of the lower Court, and in the prayer of the petition prayed that “ the said Christophe Camutz, syndic, the plaintiff in the said case, may be cited according to law,” to answer the same.
2. A copy of this petition, together with the citation, was served on him in person, on the 19th June, 1865.
3. The transcript of the appeal was filed according to law, on the 11th day of November, 1865, further time for bringing it up having been granted.
4. Two agreements were entered into by C. Camutz, syndic, the appellee, with the appellant, in relation to the transcript of appeal, and perfecting it for a hearing long after the service of the citation upon him, viz: one on 7th of November, 1865, p. 17th of the transcript, and one on the 2d day of June, 1866. See ev. of transcript.
5. No motion, in writing, to dismiss the appeal has ever been made in, the cause by the appellee, and the only reference to the matter of dismissal is made in the brief of the apjDellee, filed as the case was about to be heard.
Upon these facts, as shown by the record, the appellant respectfully suggests that the judgment dismissing the appeal was erroneous, because:
1. The case had been twice set down for trial. There was no motion whatever made to dismiss the appeal on any ground. Such a notion could only be made in the Supreme Court by the appellee within the three days after the time allowed him for appearance by the citation of appeal, and the Court could not base a judgment upon a suggestion contained in a brief. Murray vs. Bacon, 7 N. S. 271. O’Donald vs. Lobdell, 2 L. 300.
2. The service of the citation was sufficient, because it was accompanied by a copy of the petition of appeal, in which the plaintiff and appellee is described in his representative capacity, and there is a prayer for his being cited in that representative capacity. Gertum est quod cerium reddi potest.
3. The acts of the appellee in appearing in Court to perfect the transcript of appeal, and to prepare it for a hearing, by signing various agreements in the cause in his reprfereutative capacity through his counsel, and going to trial on its merits, without making any motion to dismiss, would have been a waiver of citation, if the service b ^e had been defective. Debreys vs. Johnson, 4 N. S. 286. Rowlett vs. Shepherd, 4 L. 91. Livingston vs. Dick, 1 A. 323.
4 The appellee has not the right, in any case, to a dismissal cf an ap-, *37 peal “ on account of any defect, error or irregularity in the petition or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal, or service thereof,” etc., “whenever it shall not appear that such defect, error, or irregularity is imputed to the appellant,” etc. See Acts of 1839, p. 170, sec. 19.
Here, if the citation, or service of it, be defective, the error or defect is attributable to the clerk, and not to the appellant; and if the appellee had a right to avail himself of the error, or defect on the hearing of the cause, then the Court is by law expressly prohibited from dismissing the appeal, and it is made its duty to “ grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee,”) etc. See Acts of 1889, p 170, sec. 19; Ratliff vs. His Creditors, 14 L. 292-3; Comstock vs. Pari & Smith, 17 L. 516; Lee vs. Kemper, 3 R. 1; William Barry Grove vs. William Harvey, 3 R. 271; Lambeth et al. vs. Vawter et al. 6 R. 130-1; Broussard vs. Broussard et al. 2 A. 769; Anderson vs. Irwin et al. 6 A. 793; Cullibes vs. Joublanc, 12 A. 237; Barton vs. Kavanaugh, 12 A. 332; Surgi vs. New Orleans, 13 A. 32; Lewis vs. Hennen, 13 A. 259; Jones vs. Capperton, 14 A. 698; Ludeling vs. Frellsen, 4 A. 534.